
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 27 2019

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD THOMPSON, | § | |
| Petitioner, | § | |
| V. | § | No. 4:19-CV-669-A |
| BRYAN COLLIER, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Lawrence Edward Thompson, against Bryan Collier, respondent. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL HISTORY

By way of this petition, petitioner challenges his 1974 state-court conviction and 5-year sentence in Tarrant County, Texas, for sodomy. (Pet. 2.) The petition was received by the clerk of court for filing on August 26, 2019. No service has issued upon respondent.

### II. SUBJECT MATTER JURISDICTION

Generally, for this court to have subject matter

jurisdiction over a claim(s) under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction and sentence the subject of the proceeding. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng,* 490 U.S. at 490-91.

The website for the Correctional Institutions Division of the Texas Department of Criminal Justice has no inmate currently confined under petitioner's name and his 5-year sentence for the underlying conviction was likely discharged decades ago; thus, he was not "in custody" on the conviction at the time he filed this federal petition on August 26, 2019. Because petitioner fails to demonstrate that he was "in custody" under the 1974 conviction and sentence when this petition was filed, he may not now challenge the conviction directly in a § 2254 petition.

For the reasons discussed herein,

The court ORDERS that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be, and is hereby, summarily dismissed with prejudice for lack of subject matter

jurisdiction.[1] The court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED August **27**, 2019.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

[1] Because the court lacks jurisdiction in this case, no ruling is made on petitioner's application to proceed *in forma pauperis.*